# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY MILES, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:16-cv-00892 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1); a Supplement To Motion To Vacate, Set Aside, Or Correct Sentence (Docket No. 10), filed by counsel for the Petitioner; the Government's Response (Docket No. 15); and the Petitioner's Reply (Docket No. 18).

For the reasons set forth herein, the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1) and the Supplement To Motion To Vacate, Set Aside, Or Correct Sentence (Docket No. 10) are DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty to drug trafficking, in violation of 21 U.S.C. § 841(a)(1); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. (Docket Nos. 13, 20, 21, 22 in Case No. 3:13cr00155). Through the Plea Agreement, the Petitioner acknowledged that he was a career offender under the United States Sentencing Guidelines, and the parties agreed to a total sentence of 151 months of imprisonment. (Docket

No. 22 in Case No. 3:13cr00155). At the subsequent sentencing hearing, on March 4, 2014, the court imposed the agreed 151-month sentence. (Docket Nos. 28, 29, 30 in Case No. 3:13cr00155). The record reveals that no appeal was taken.

III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "' must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B.  Johnson v. United States

The Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of Section 4B1.1 of the Sentencing Guidelines, the career offender guideline, which was applied to him at sentencing. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
>> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>>
>>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

3

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender guideline.[1] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The Petitioner relies on the reasoning of these decisions in arguing that the career offender guideline is unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence was enhanced under the career offender guideline because his prior conviction for aggravated burglary was improperly considered to be a "crime of violence" under the residual clause of the

---

[1] "Crime of violence" was defined in the career offender guideline as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (Emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

definition.[2]

In its Response, the Government argues that the Petitioner waived his right to challenge his sentence on collateral review through the Plea Agreement, and alternatively, that the Petitioner's prior conviction for aggravated burglary is one of the enumerated offenses identified in the definition, and therefore, it qualified as a "crime of violence" without regard to the residual clause. The Petitioner challenges those arguments in his Reply brief.

The court need not resolve these issues, however, because, on March 6, 2017, while the Petitioner's Motion was pending, the Supreme Court issued a decision that precludes his claim. In *Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017), the Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. Thus, even if the Petitioner's aggravated burglary conviction qualified as a "crime of violence" under the career offender guideline's residual clause, application of that provision was not unconstitutional. The Petitioner has not suggested that the *Beckles* decision is inapplicable to his claim, nor has he raised an alternative challenge to his conviction or sentence. Accordingly, the Petitioner's Motion To Vacate and Supplement To Motion To Vacate are without merit.

IV. Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate and

---

[2] The Petitioner also argues that the aggravated burglary conviction was used to increase the offense level for his firearm conviction under U.S.S.G. § 2K2.1 based on an application of the same definition.

Supplement To Motion To Vacate are denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

Enter this 22nd day of June 2017.

_____
ALETA A. TRAUGER
U.S. District Judge